The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant/employer.
3. Liberty Mutual Insurance Company is carrier on risk.
4. A Form 22 was submitted from which an average weekly wage will be determined.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit One. These records include: one page of medical documentation from J. M. Errico, M.D.; twelve pages of medical documentation from Timothy Martin, M.D.; five pages of medical documentation from Gary A. Rankin, M.D.; nine pages of medical documentation from Donald J. Digby, M.D.; one page of medical documentation from Urgent Medical Care; and ten pages of medical documentation from the employer's medical file.
6. The issues before the undersigned are: (i) whether plaintiff is entitled to permanent partial disability to the left eye; (ii) and if so, what compensation, if any, is due plaintiff; and (iii) whether attorneys' fees should be taxed against plaintiff.
EVIDENTIARY RULINGS
The objections raised in the deposition of Timothy J. Martin, M.D. are OVERRULED. Defendants' first objection on page eleven of the deposition of Michael Tepdino, M.D. is SUSTAINED and all other objections are OVERRULED.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On October 28, 1992, plaintiff was employed by defendant/employer as a box line sorter. Plaintiff's regular duties including sorting boxes and while doing so, a liquid spilled out of the box and got on his hands. Plaintiff's hands made contact with his face and eyes.
2. Plaintiff was seen by Urgent Care Center on December 14, 1992 when he complained of the chemicals in his left eye and loss of vision since October 28, 1992. Plaintiff was examined by Dr. Guest who determined that plaintiff's eye was normal and the fundoscopic examination of the eye was normal. A subjective visual field test showed loss of vision in the left eye.
3. Plaintiff was referred to Donald Digby, M.D. Dr. Digby saw plaintiff in December and January of 1993. Dr. Digby determined that plaintiff was hyperopic or farsighted. All objective tests were normal but the subjective visual acuity test for plaintiff read letters indicating loss of vision in the left eye. Because the subjective test was not explainable by the objective findings, Dr. Digby referred plaintiff to Timothy J. Martin, M.D., a neuro-opthalmologist at Wake Forest Eye Center.
4. On January 28, 1993, plaintiff was examined by Dr. Martin. After examination testing, Dr. Martin concluded that plaintiff had 20/20 vision in both eyes. Objective testing was normal and with encouragement the subjective acuity test was normal.
5. Plaintiff used a phoropter, a magnifying device, to read the letters. With the assistance of plain glass and lenses of very low, if any, magnification, plaintiff was able to read 20/15 with the left eye. This is better than normal eye sight.
6. Plaintiff wanted the glasses for farsightedness, so he went to Gary Rankin, M.D. in April of 1993. Dr. Rankin found no evidence of damage to the eye from the chemical spill. Dr. Rankin did conclude that plaintiff was farsighted, however, Dr. Rankin indicated that plaintiff would be able to enjoy the same level of vision without glasses. Plaintiff wanted the glasses and Dr. Rankin prescribed them for him.
7. On December 21, 1993, plaintiff contacted Dr. Martin and requested that he complete a Form 25R for a permanent partial disability rating.
8. On January 5, 1994, Dr. Martin completed the Form 25R, evaluation for a permanent disability, and stated that plaintiff's vision reading without the use of corrective lenses was 20/20 in the left eye. Dr. Martin further indicated that there was no permanent defect in the left eye and returned the 25R to plaintiff's attorney.
9. On July 15, 1994, plaintiff elected to seek treatment from Michael Tepdino, an ophthalmologist, for a routine eye exam and new glasses. Plaintiff did not indicate to Dr. Tepdino that there was a workers' compensation claim pending and the examination concerned worker's compensation. Based upon the subjective visual acuity test, Dr. Tepdino concluded that plaintiff was farsighted.
10. Dr. Tepdino found no relationship between the chemical spill in October, 1992 and the plaintiff's farsightedness.
11. In July 1994, Dr. Martin was contacted by defendant who completed a Form 25R. Dr. Martin again completed the 25R and indicated that plaintiff's vision without the use of corrective lenses was 20/20 in both eyes. Dr. Martin opined that there was no injury to plaintiff's eye caused by chemicals contacting the eyes in October, 1992.
12. Defendants have paid all medical bills from Urgent Care, Dr. Digby, Dr. Martin and Dr. Rankin. Plaintiff sought treatment from Dr. Tepdino on his own. There was no referral nor was there any authorization from the North Carolina Industrial Commission as to this treatment.
13. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff has sustained any permanent disability based upon the chemical spill on October 28, 1992.
14. There is insufficient evidence of record from which to determine by its greater weight that plaintiff has pursued this claim in a stubborn, unfounded, litigious manner.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained a loss of vision to either of his eyes as a result of a compensable injury, the chemical spill on October 28, 1992. Therefore, plaintiff is not entitled to compensation for any permanent partial disability. North Carolina General Statute Section 97-31.
2. Plaintiff is not entitled to medical treatment from Dr. Tepdino. Plaintiff was not referred by a treating physician to Dr. Tepdino nor was there any approval from the North Carolina Industrial Commission as to Dr. Tepdino's treatment. North Carolina General Statute Section 97-25.
3. Defendants are not entitled to attorneys' fees for stubborn, unfounded litigiousness relating to plaintiff's pursuit of this claim. North Carolina General Statute Section 97-88.1.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim for permanent partial disability for his left eye must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This the ___ day of October, 1997.
 S/ ___________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ LAURA K. MAVRETIC COMMISSIONER
TBS/bjp